(58 App. Div. 562.)

### WESTBROOK v. NEW YORK SUN ASS'N.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

1. LIBEL—CHARGE OF CRIME—POWER TO ARREST—NATIONAL BANK ACT—PLEADING—DEMURRER.

Defendant's newspaper contained an account of the arrest of a defaulting cashier of a national bank, after a long pursuit by deputy United States marshals, and stated that when he left the place where the defalcation was committed he made no secret of his going, and that the last man to say good-by to him was the chief of police of the town, who remarked to him that he seemed in a great hurry to leave, and in a joking manner asked why he did not wait until the warrant came, and save the trouble of following him up. Plaintiff sued for libel, and alleged that

he was the chief of police referred to, and that the article charged him with being guilty of a violation of Pen. Code, § 87, in conniving and assisting the escape of a criminal. *Held*, that there was nothing in the publication implying plaintiff's violation of such section, since the offense of which the cashier was charged was declared by Rev. St. U. S. § 5209, to be a misdemeanor, of which, under Const. U. S. art. 3. and Rev. St. U. S. § 629, the federal courts alone had jurisdiction; hence plaintiff had no authority to arrest the cashier.

2. SAME.

Under Rev. St. U. S. § 5209, which declares every cashier of a national bank who embezzles the money of the association guilty of a misdemeanor, a chief of police may not arrest such an embezzling cashier without a warrant, under Code Cr. Proc. § 177, providing that a peace officer may arrest a person for a crime committed or attempted in his presence, or who has committed a felony, or when a felony has been committed, and he has reasonable cause to believe such person committed it.

Appeal from special term, Orange county.

Action by Townsend Westbrook against the New York Sun Association. From a judgment entered on an order sustaining a demurrer to the complaint (65 N. Y. Supp. 399), plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Wilton Bennet, for appellant.

Franklin Bartlett, for respondent.

GOODRICH, P. J.   The plaintiff, being the chief of police referred to, seeks to recover damages alleged to have been sustained by the publication of the following article in the defendant's newspaper:

"Goldsmith Surrenders.

"Accused Port Jervis Bank Cashier Gives Himself Up.

"Lewis E. Goldsmith, assistant cashier of the Port Jervis National Bank, who is accused of having stole $54,000 of the bank's funds, surrendered to United States Marshal Henkel at noon to-day, having eluded a number of deputy marshals, who have been on his track for over two weeks under direction of United States Marshal Henkel.  United States Bank Examiner Bryan, of Brooklyn, made an examination of the Port Jervis Bank books on November 14th, and found that Goldsmith was $54,000 short.  He swore out a warrant on December 12th, but when United States Marshal Henkel went to Port Jervis to serve it he found that Goldsmith had left the place four days before, very suddenly, and without having left any intimations as to where he was going.  Goldsmith made no secret of his intent to depart, and the last man to say good-by to him at the railroad station was the chief of police of Port Jervis, who remarked to him that he seemed in a great hurry to leave, and in a joking manner asked why he did not wait until the warrant came, and save the trouble of following him up.  Goldsmith replied that he had urgent business in another part of the country, which required his immediate presence.  The United States deputy marshal kept closely on Goldsmith's heels, but could not close on him, for he had left one place after another just before they got there.  It is said Golthsmith visited places in Delaware and New Jersey in addition to this state."

The complaint alleges that the article charges the plaintiff with being "guilty of a violation of section 87 of the Code of Criminal Procedure [sic, presumably Penal Code], in conniving and assisting the escape of a defaulter, a criminal."  The defendant demurred to the complaint, on the ground that it does not state facts sufficient

to constitute a cause of action. The special term sustained the demurrer, and the plaintiff appeals.

There is nothing in the publication implying a violation by the plaintiff of section 87 of the Penal Code, for the plaintiff, as chief of police, had no authority, and was not bound, to arrest Goldsmith. The publication stated that Goldsmith, as assistant cashier of a national bank, had stolen a part of its funds. This is a crime declared by section 5209 of the United States Revised Statutes, and as such is exclusively cognizable in the federal courts. Const. U. S. art. 3; Rev. St. U. S. § 629, subd. 20. Section 5209 expressly states that such an embezzlement is a misdemeanor, punishable by imprisonment of from five to ten years. In U. S. v. Coppersmith (C. C.) 4 Fed. 198, and in U. S. v. Wynn (D. C.) 9 Fed. 886, it was held that statutory offenses under the United States statutes are not felonies, unless so declared expressly or impliedly by the statute. It follows that Goldsmith was not liable to arrest for a felony, under section 177 of the Code of Criminal Procedure, and could not have been arrested or detained by the plaintiff. We are not deciding whether or not, under proper allegations in a complaint, the article might not be actionable.

The judgment should be affirmed, with costs. All concur.